UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

No. 1:22-CV-568

| | |
|---|---|
| JULIETTE GRIMMETT, RALSTON LAPP GUINN MEDIA GROUP, and the JOSH STEIN FOR ATTORNEY GENERAL CAMPAIGN,<br><br>Plaintiff,<br><br>v.<br><br>DAMON CIRCOSTA, in his official capacity as Chair of the North Carolina State Board of Elections, STELLA ANDERSON, in her official capacity as Secretary of the North Carolina State Board of Elections, JEFF CARMON III, in his official capacity as Member of the North Carolina State Board of Elections, STACY EGGERS IV, in his official capacity as Member of the North Carolina State Board of Elections, TOMMY TUCKER, in his official capacity as member of the North Carolina State Board of Elections, and N. LORRIN FREEMAN, in her official capacity as District Attorney for the 10th Prosecutorial District of the State of North Carolina,<br><br>Defendants. | **MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER** |

NOW COMES Defendant N. LORRIN FREEMAN, in her official capacity as

District Attorney for the 10th Prosecutorial District of the State of North Carolina,

and respectfully submits this Memorandum of Law in opposition to Plaintiff's Motion for Temporary Restraining Order.

## INTRODUCTION

Plaintiffs seek an extraordinary remedy from this Court – a request to a federal court for a TRO to enjoin a state district attorney from pursuing a criminal investigation of potential violations of state law that occurred in 2020 and on which the statute of limitations is about to run. Plaintiffs seek this extraordinary remedy not only for themselves, but apparently for other persons. District Attorney Freeman opposes the motion, on two grounds: (1) this Court should abstain from deciding this case, and (2) Plaintiffs fail to meet the exacting legal standards necessary for a temporary restraining order preventing investigation and/or prosecution of conduct occurring in 2020. District Attorney Freeman respectfully requests that this Court address the issue of a preliminary injunction only after the Defendants have the opportunity to fully brief the legal issues and fully develop the factual record.

## FACTS

Plaintiffs' motion states that there is currently an ongoing criminal investigation of an unnamed person or persons by the North Carolina State Bureau of Investigation, relating to the political advertisement referred to as "Survivor" in Plaintiffs' motion, and whether the statements in the ad may violate North Carolina General Statute Section 163-274(a)(9) (hereinafter the "Statute"). This political ad ran during 2020. Plaintiffs further contend that "enforcement action under the

2

Statute appears imminent," though they provide no details in that regard and do not identify which "person" under the Statute is expected to be subject to such "enforcement action."

Based upon the facts contained in Plaintiff's motion, it is apparent that the object of Plaintiffs' request for a TRO as to District Attorney Freeman is to (a) prevent any further investigation of conduct that occurred <u>in the past</u> -- specifically, investigation relating to the "Survivor" ad that ran in 2020, and (b) prevent the presentment of any matters to the grand jury relating to the "Survivor" ad. As set out herein, Plaintiffs have not explained why they have waited until now to seek this extraordinary relief, and the law does not support issuance of a TRO.

## ARGUMENT

A temporary restraining order may issue only where the moving party establishes four elements: (1) likelihood of success on the merits; (2) irreparable harm to the moving party in the absence of injunctive relief; (3) the balance of equities tips in favor of the moving party; and (4) the injunction is in the public interest. *Winter v. Natural Resources Defense Counsel, Inc.*, 555 U.S. 7, 20 (2008). Each factor is to be considered separately. *DiBiase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017). District Attorney Freeman submits that the plaintiffs cannot meet this standard, as to their request to enjoin her office from investigating or presenting matters to the grand jury relating to the "Survivor" ad conduct that took place in 2020.

3

## I. THE ABSTENTION DOCTRINE APPLIES.

District Attorney Freeman adopts the arguments made by the Board of Elections in its Memorandum of Law regarding *Pullman* abstention, (DE-14 at 5-6), and submits that the facts here warrant abstention.

Plaintiffs seek to interfere with the work of a state grand jury regarding potential violations of state criminal law caused by a political ad that occurred in 2020, almost two years ago. The political ad has not run since 2020, so there can be no argument that a TRO is needed to allow continued use of the ad. Any argument regarding the constitutionality of the Statute can be addressed by the state court in any prosecution that may be brought relating to this past conduct. District Attorney Freeman respectfully submits that the extraordinary relief sought here by Plaintiffs is not warranted and is unsupported by precedent, especially where the current criminal investigation relates to past conduct only. These factors warrant consideration of abstention.

## II. A TEMPORARY RESTRAINING ORDER SHOULD NOT ISSUE, BECAUSE PLAINTIFFS CANNOT ESTABLISH THE ELEMENTS NECESSARY FOR A TEMPORARY RESTRAINING ORDER.

### A. Likelihood of Success on the Merits

District Attorney Freeman adopts the arguments of the Board of Elections in its Memorandum of Law, (DE-14 at 7-8), and submits that Plaintiffs cannot establish a likelihood of success on the merits.

### B. Irreparable Harm

4

With respect to Plaintiffs' request to enjoin District Attorney Freeman from presenting potential violations of the Statute that occurred in 2020 to a grand jury for consideration of a criminal charge, Plaintiffs cannot show irreparable harm. The United States Supreme Court has stated that the "cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term." *Younger v. Harris*, 401 U.S. 37, 46 (1971). Rather, the harm "must be one that cannot be eliminated by his defense against a single criminal prosecution." *Id.*

In this case, should criminal charges be brought under the Statute against any person as a result of the "Survivor" ad activity in 2020, that person will have the opportunity to present any argument about the purported unconstitutionality of the statute to the state court in that criminal case. This adequate remedy at law eliminates the need for a temporary restraining order, as to Plaintiffs request to enjoin District Attorney Freeman's office from presenting matters to a state grand jury regarding the "Survivor" ad conduct in 2020. Plaintiffs cannot establish irreparable harm, as to District Attorney Freeman.

C. **Balance of Equities**

Plaintiffs' motion stresses that "enforcement action appears imminent" under the criminal provisions of the Statute against an unnamed person or persons. But the balance of the equities weighs against issuing a TRO, because issuance of a TRO could forever bar prosecution of violations of the Statute based on the "Survivor" ad, because of the statute of limitations.

5

Under North Carolina law, misdemeanor crimes are subject to a two-year statute of limitations. N.C.G.S. §15-1. The "Survivor" ad at issue in Plaintiffs' motion ran from mid-August 2020 through mid-October 2020. As noted in the Board of Elections Memorandum of Law, Plaintiffs acknowledge that they have been aware that the NCBOE's investigation concluded more than one year ago. (DE-14 at 9). Plaintiffs also acknowledge that they were aware that an SBI investigation relating to the "Survivor" ad then took place over the course of many months. Yet only now, on the eve of the running of the statute of limitations, Plaintiffs seek "emergency" relief in the form of a TRO that would bar the office of District Attorney Freeman from presenting any matters to the grand jury relating to the Statute, including matters relating to the 2020 ad. Plaintiffs provide no explanation for why they have waited for more than a year to pursue this action.

This tips the balance of equities against Plaintiffs -- especially since its delay could cause the statute of limitation to run on some or all potential violations of the Statute relating to the "Survivor" ad in 2020, should a TRO issue. Indeed, Plaintiffs' tactics in delaying the bringing of this action and TRO request until the eve of the running of the statute of limitations could have the effect of barring any prosecution of potential violations of the "Survivor" ad at all, should a TRO issue and then later the Statute ultimately be found constitutional, because the statute of limitation could run while this case is being decided. This fact weighs heavily against issuance of a TRO. Plaintiffs have had ample time and opportunity to challenge the statute at issue before now, and have not done so.

6

Case 1:22-cv-00568-CCE-JLW Document 15 Filed 07/24/22 Page 6 of 8

### D. The Public Interest

The North Carolina Supreme Court has noted, in examining a separate section of the Statute, that there is "indisputably … a compelling state interest in preserving the integrity and reliability of its election process" and in "ensuring honest and fair elections." *State v. Petersilie*, 334 N.C. 169, 185, 432 S.E.2d 832, 841 (1993). The public interest in the integrity of elections and the electoral process is paramount.

Likewise, there is a strong public interest in the fair and just enforcement of criminal laws. *See, e.g. United States v. Goodson*, 204 F.3d 508, 514 (4th Cir. 2000) (noting the strong public interest in enforcement of the criminal laws). Plaintiffs' efforts to use a TRO to enjoin the office of District Attorney Freeman from doing its work and duty in presenting the matters relating to the 2020 "Survivor" ad to the grand jury directly conflicts with this strong public interest. The public interest weighs against issuance of a TRO.

## CONCLUSION

This is not a case where plaintiffs challenge a newly enacted state statute that applies to their ongoing conduct, seek a declaratory judgment that their ongoing conduct is legal under federal law, and need a TRO to continue to engage in that conduct lawfully. Rather, Plaintiffs here seek to enjoin application of a state statute that has been on the books for decades, to conduct that occurred in 2020, almost two years ago. For the reasons set out herein, District Attorney Freeman

respectfully requests that Plaintiffs' motion for temporary restraining order be denied.

This the 24th day of July, 2022.

**GAMMON, HOWARD & ZESZOTARSKI, PLLC**

/s/ Joseph E. Zeszotarski, Jr.
Joseph E. Zeszotarski, Jr.
State Bar No. 21310
P.O. Box 1127
Raleigh, NC 27602
(919) 521-5878
jzeszotarski@ghz-law.com

Counsel for Defendant N. Lorrin Freeman, in her official capacity as District Attorney of the 10th Prosecutorial District