IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:22-CV-568

| | |
|---|---|
| JULIETTE GRIMMETT, RALSTON LAPP GUINN MEDIA GROUP, and the JOSH STEIN FOR ATTORNEY GENERAL CAMPAIGN, <br><br> Plaintiffs, <br><br> v. <br><br> DAMON CIRCOSTA, in his official capacity as Chair of the North Carolina State Board of Elections, STELLA ANDERSON, in her official capacity as Secretary of the North Carolina State Board of Elections, JEFF CARMON III, in his official capacity as Member of the North Carolina State Board of Elections STACY EGGERS IV, in his official capacity as Member of the North Carolina State Board of Elections, TOMMY TUCKER, in his official capacity as Member of the North Carolina State Board of Elections, and N. LORRIN FREEMAN in her official capacity as District Attorney for the 10th Prosecutorial District of the State of North Carolina, <br><br> Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL** |

The Court should issue an injunction pending appeal to preserve the Fourth Circuit's ability to review the weighty constitutional issues in dispute. This case is about a statute that criminalizes core political speech, there are substantial reasons to contend that statute is unconstitutional on its face, and, absent an injunction, Defendant immediately intends to enforce the statute for the first time in living memory. If that prosecution proceeds and the

Fourth Circuit agrees that N.C. Gen. Stat. § 163-274(a)(9) is unconstitutional, then there will be no way to undo the harm Plaintiffs have suffered from prosecutions that violated their First Amendment rights. An injunction pending appeal, by contrast, would preserve both parties' rights while the Fourth Circuit considers these issues.

Rule 62(d) of the Federal Rules of Civil Procedure – entitled "Injunction Pending Appeal" – provides in pertinent part that "[w]hile an appeal is pending from an interlocutory order…that…refuses…an injunction, the court may…grant an injunction on terms for bond or other terms that secure the opposing party's rights." Thus, a district court may act to "preserve the status quo until decision by the appellate court." *Hunter v. Town of Mocksville, N.C.*, 271 F. Supp. 3d 787, 791 (M.D.N.C. 2017) (quoting *Newton v. Consol. Gas Co. of New York*, 258 U.S. 165, 177 (1922). In *Newton*, the Supreme Court held that "[u]ndoubtedly, after appeal, the trial court may, if the purposes of justice require, preserve the status quo until decision by the appellate court." 258 U.S. at 177.

The Rule, therefore, "authorizes a trial court to grant an injunction during the pendency of an appeal in cases in which injunctive relief has been denied." *Mrs. Philippines Home for Senior Citizens, Inc. v. United States*, Nos. MJG-93-2355 &-2356, 1993 WL 603288, at *8 (D. Md. Dec. 9, 1993) (citing Charles A. Wright & Arthur Miller, *Federal Practice and Procedure: Civil* § 2904, at 315 (1990)). Thus, "it is within the Court's discretionary power to grant temporary relief pending appeal." *Id*. The unique circumstances of this case justify the exercise of that discretionary power, especially given Plaintiffs' agreement to toll the limitations period during the pendency of any Rule 62(d) injunction.

**ARGUMENT**

**I.     THE STANDARDS FOR AN INJUNCTION PENDING APPEAL.**

As the Supreme Court held in *Nken v. Holder*, 556 U.S. 418 (2009), a case which reversed the Fourth Circuit's refusal to stay an immigration agency removal order, "It takes time to decide a case on appeal. Sometimes a little; sometimes a lot." *Id.* at 421. For that reason, "if a court takes the time it needs, the court's decision may in some cases come too late for the party seeking review." *Id.* In order to allay that contingency, district courts have "the authority to hold an order in abeyance pending review" which "allows an appellate court to act responsibly." *Id.* at 427. Rule 62 provides a "means of ensuring that appellate courts can responsibly fulfill their role in the judicial process." *Id.* Rule 62, "[s]imply put," "embodies the principle that district courts have an inherent power to maintain the status quo pending appeal." *Securities and Exchange Comm'n v. Rex Venture Group, LLC*, No. 3:12-CV-00519-GCM, 2017 WL 2979686, at *1-2 (W.D.N.C. Jul. 12, 2017) (maintaining freeze order against defendant after its dismissal for lack of jurisdiction in order "to protect the efficacy of the pending appeal and available remedy for the Receiver should the Fourth Circuit find jurisdiction proper.").

In *Nken*, the Supreme Court restated the four factors for consideration, namely whether the:

> [(1)] applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a[n injunction];[1] (3) whether issuance of [an injunction] will substantially injure

---

[1] Although *Nken* arose in the context of a stay of the lower court order, the Court made it clear that a stay and an injunction, "particularly a preliminary one," have "functional

3

Case 1:22-cv-00568-CCE-JLW     Document 26     Filed 08/10/22     Page 3 of 9

the other parties interested in the proceeding; and (4) where the public interest lies.

556 U.S. at 426 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 786 (1987)). The Supreme Court has also held that consideration of those traditional factors "contemplate[s] individualized judgments in each case" because "the formula cannot be reduced to a set of rigid rules." *Hilton*, 481 U.S. at 777. In the end, holding an order "in abeyance pending review allows an appellate court to act responsibly" and provides "a means of ensuring that appellate courts can responsibly fulfill their role in the judicial process." *Nken*, 566 U.S. at 427.

## II. LIKELIHOOD OF SUCCESS ON THE MERITS

As with a preliminary injunction generally, the moving party is "not required to establish a certainty of success on appeal but must show at least a likelihood of that success." *Amazon.com, Inc. v. WDC Holdings LLC*, No. 1:20-cv-00484, 2020 WL 7680552, at *1 (E.D. Va. Sept. 4, 2020) (citing *Roe v. Dep't of Def.*, 947 F.3d 207, 219 (4th Cir. 2020)). The showing of likelihood of success, moreover, "does not require that the Court concede that it was incorrect or change its mind." *Id*. "Rather, the question is whether the 'issues presented on appeal could be rationally resolved in favor of the party'" seeking the injunction. *Id*. (quoting *United States v. Fourteen Various Firearms*, 897 F. Supp. 271, 273 (E.D. Va. 1995)); *see also Rex Venture Group, LLC*, 2017 WL 2979686 at

---

overlap," because both can "have the same practical effect of preventing some action before the legality of that action has been conclusively determined." 556 U.S. at 428.

4

\*2 ("While the court believes it correctly found a lack of personal jurisdiction over Victoriabank, the Fourth Circuit may well disagree.").

Recognizing that a district court "may grant a stay even though its own approach may be contrary to movant's view of the merits," *Goldstein v. Miller*, 488 F. Supp. 156, 172 (D. Md. 1980) (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977)), courts have used numerous formulations to describe the appropriate level of likelihood of success on the merits in this context. For example, in *Goldstein*, the court adopted the view of the D.C. Circuit, that "a court, when confronted with a case in which the other three factors strongly favor interim relief may exercise its discretion to grant a stay if the movant has made a substantial case on the merits." 488 F. Supp. at 172 (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d at 843); *see also Rex Venture, LLC*, *supra*, 2017 WL 2979686 at \*1 (case "found to be unclear"); *U.S. Home Corp. v. Settlers Crossing, LLC*, N. DKC-08-1863, 2015 WL 3973071, at \*6 (D. Md. Jun. 29, 2019) (movant "must demonstrate a substantial case"); *Par Pharmaceuticals, Inc. v. TWI Pharmaceuticals, Inc.*, No. CCB-11-2466, 2014 WL 3956024, at \*2 (D. Md. Aug. 12, 2014) ("the case presents a close call" and a "substantial case"); *Carvel Corp. v. Eisenberg*, No. 87 CIV. 608 (CSH), 1988 WL 120135, at \*2 (S.D.N.Y. Oct. 31, 1988) ("admittedly difficult legal question," citing *Goldstein*, *supra*); *Sweeney v. Bond*, 519 F. Supp. 124, 132 (E.D. Mo. 1981) ("legal questions were substantial and matters of first impression").

That the "serious legal question" concerns issues of "constitutionality," renders the injunction, on balance, more appropriate. *See John Doe Co. v. Consumer Finance*

5

*Protection Bureau*, 235 F. Supp. 3d 194, 205 (D.D.C. 2017) ("the constitutionality of the CFBP's structure does present a serious legal question.")). For example, in *Sweeney*, *supra*, the court, contrary to its own ruling on the legal issue, granted an injunction pending appeal so that the court of appeals could weigh in on the "substantial and novel questions" of "first impression" concerning whether independent contractors could be terminated due to political affiliation under an extension of the Supreme Court's ruling in *Elrod v. Burns*, 427 U.S. 347 (1976). *See Sweeney*, 519 F. Supp. at 132-33. Similarly, that the appellate court will apply *de novo* review is a further factor in favor of Rule 62 relief. *U.S. Home Corp.*, 2015 WL 3973071, at *6; *Par Pharmaceuticals, Inc.*, 2014 WL 3956024, at *2 ("[f]urther the Federal Circuit will conduct a *de novo* review"). In such circumstances, an injunction "to protect the efficacy of the pending appeal" is sensible because "the Fourth Circuit may well disagree." *Rex Venture*, 2017 WL 2979686 at *1.

Here, as the Court noted in its ruling (Doc. 23, at 14), each of the cases which has considered the constitutionality of criminal campaign-speech restriction laws in the wake of the Supreme Court's decision in *United States v. Alvarez*, 567 U.S. 709 (2012), has found the laws to be unconstitutional. *See Susan B. Anthony List v. Driehaus*, 814 F.3d 466 (6th Cir. 2016); *Commonwealth v. Lucas*, 472 Mass. 387 (2015); *281 Care Committee v. Arneson*, 766 F.3d 774 (8th Cir. 2014). Even before *Alvarez*, in 2007, the Supreme Court of Washington struck down its version of the law in *Rickert v. State*, 161 Wash. 2d 843 (2007). Until now, no court, post-*Alvarez*, has found a cognate content-based criminal campaign restriction to be constitutional.

### III. IRREPARABLE HARM TO PLAINTIFFS

Deprivation of a constitutional right, even for a short period of time, constitutes irreparable harm. *Elrod*, 427 U.S. at 373 (concerning First Amendment associational rights). "When the harm alleged by the plaintiff is the deprivation of a constitutional right, the likelihood of success on the merits is so 'inseparably linked' to the proving of an actual harm that the court may proceed directly to consider the merits of the plaintiff's action." *Giovani Carandola, Ltd. v. Bason*, 303 F.3d 507, 511 (4th Cir.2002) (internal quotation marks omitted).

As a general rule, "the denial of a constitutional right ... constitutes irreparable harm for purposes of equitable jurisdiction." *Ross v. Meese*, 818 F.2d 1132, 1135 (4th Cir. 1987). When the injury in question concerns charging a plaintiff with a crime under an unconstitutional statute coupled with a "loss or impairment of freedoms of expression," the issue of irreparability becomes even clearer. *See Dombrowski v. Pfister*, 380 U.S. 479, 486 (1965) (a "criminal prosecution under a statute regulating expression usually involves imponderables and contingencies that themselves may inhibit the full exercise of First Amendment freedoms.").

For that reason, "[c]ourts routinely issue injunctions to stay the status quo when the trial court's order would otherwise allow the prevailing party to engage in actions that would moot the losing party's right to appeal." *John Doe Co.*, 235 F. Supp. 3d at 206.

### IV. THE BALANCE OF EQUITIES IS IN FAVOR OF PLAINTIFFS

In light of Plaintiffs' willingness to condition an injunction on a tolling agreement (*see* Mot. at 1, n.1), there is no burden on Defendant. Simply "postponing enforcement"

7

will "not cause any irreparable injury" to Defendant. *See Goldstein*, 488 F. Supp. at 175. Apart from the circumstances underlying this case, there is no other known outstanding prosecution under this statute. Indeed, in the 91 years of its existence, there is no known instance of a prosecution of any candidate for office or candidate committee under the statute at issue. An injunction conditioned on a tolling agreement will "fully protect[] [Defendant] during the pendency of the appeal." *U.S. Home Corp.*, 2015 WL 3973071, at *7.

In *Sweeney*, *supra*, the court found that while "irreparable injury to the plaintiffs would result if the injunction is denied," "[a]ny harm that would befall the defendants from the issuance of an injunction would be substantially less than harm to plaintiffs should the injunction be denied." 519 F. Supp. at 133. For that reason, the "absence of substantial harm to the defendants favors the issuance of the injunction." *Id*. In general, a "slowing" or temporary "halting" of Defendant's prosecutorial efforts would not be "same kind of…harm" Plaintiffs would face if the status quo were not maintained. *See Par Pharmaceuticals*, 2014 WL 3956024, at *5. Here, allowing Defendant to move forward with a prosecution prior to the appeal would mean that the court of appeals could not "un-ring the bell, and significant portions of Plaintiff[s'] sought-after remedy would become moot." *John Doe Co.*, 235 F. Supp. 3d at 206.

## V. THE PUBLIC INTEREST FAVORS ISSUANCE OF THE PRELIMINARY INJUNCTION

Here, the "protect[ion of] the efficacy of the pending appeal and available remedy" for Plaintiffs "should the Fourth Circuit" reverse is an appropriate public interest, *see Rex*

*Venture*, 2017 WL 2979686, at *2, particularly when paired with the fact that upholding constitutional rights serves the public interest. *Newsom ex rel. Newsom v. Albemarle Cty. Sch. Bd.*, 354 F.3d 249, 261 (4th Cir. 2003). An injunction, moreover, "will not interfere with [Defendant's] powers outside the context" of a single peculiar statute. *See John Doe Co.*, 235 F. Supp. 3d at 206. To the extent that public interest in implicated, "it weighs in favor of granting the stay in order to allow for a meaningful resolution by the [court of appeals] of the issues presented by this action. *Carvel Corp.*, 1988 WL 120135, at *2.

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court issue an injuncting pending appeal enjoining Defendant from enforcing N.C. Gen. Stat. § 163-274(a)(9).

This the 10th day of August, 2022.

By: /s/ Pressly M. Millen
Pressly M. Millen
State Bar No. 16178
Raymond M. Bennett
State Bar No. 36341

OF COUNSEL:

WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
(919) 755-2100

Attorneys for Plaintiffs
Juliette Grimmett, Ralston Lapp Guinn Media Group,
and the Josh Stein for Attorney General Campaign