UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

No. 1:22-CV-568

| | |
|---|---|
| JULIETTE GRIMMETT, RALSTON LAPP GUINN MEDIA GROUP, and the JOSH STEIN FOR ATTORNEY GENERAL CAMPAIGN,<br><br>Plaintiff,<br><br>v.<br><br>N. LORRIN FREEMAN, in her official capacity as District Attorney for the 10th Prosecutorial District of the State of North Carolina,<br><br>Defendant. | **MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL** |

NOW COMES Defendant N. LORRIN FREEMAN, in her official capacity as District Attorney for the 10th Prosecutorial District, and respectfully submits this opposition to Plaintiff's "Emergency" Motion for Injunction Pending Appeal (DE-25).

## ARGUMENT

Plaintiffs' motion for preliminary injunction has been denied for failure to establish a likelihood of success on the merits. Despite this result, Plaintiffs now ask this Court to issue the same now-denied injunction against Defendant while they pursue an appeal -- a ruling that would effectively give Plaintiffs and those associated with them a back-door win on the merits, given the looming expiration of the relevant criminal statute of limitations. Plaintiffs cannot meet the standard for this extraordinary relief, and the motion should be denied.

Plaintiffs' motion seeks relief under Federal Rule of Civil Procedure 62(d), that states:

> INJUNCTION PENDING AN APPEAL. While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights. …

## I. Standard

In considering relief under Rule 62, the Court shall consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009). The first two factors "are the most critical," and it "is not enough that the chance of success on the merits be better than negligible." *Id.* at 434 (citations omitted). Likewise, "simply showing some possibility of irreparable injury fails to satisfy the second standard." *Id.*

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken*, 556 U.S. at 433. Rather, it is "an exercise of judicial discretion" and "[t]he propriety of the issue is dependent upon the circumstances of the particular case." *Id.* Relief under Rule 62 is considered "extraordinary," *Middleton v. Andino*, 990 F.3d 768, 770 (4th Cir. 2020) (King, J., concurring), and the moving party bears a "heavy burden" in seeking relief. *Covington v. North Carolina*, 2018 WL 604732

2

*3 (M.D.N.C. 2018) (denying injunction pending appeal); *see also Nken*, 556 U.S. at 433-34 (party requesting stay bears burden of proof).

Plaintiffs here do not seek a "stay" of enforcement of an order. To the contrary, they seek an order imposing the same injunctive relief that was denied in the district court -- affirmative injunctive relief. None of the four factors support the relief sought by Plaintiffs.

I.  **Likelihood of Success on the Merits**

The Court has determined, in denying Plaintiffs' motion for preliminary injunction, that they have not established a likelihood of success on the merits. While Plaintiffs' present motion tries in various ways to lessen its burden on this point, (DE-26 at 4-5), the simple fact is that the Plaintiffs have already failed to meet their burden on this issue. Plaintiffs simply recycle the same arguments now.

Plaintiffs also argue that "[u]ntil now, no court, post-*Alvarez*, has found a cognate content based criminal campaign restriction to be constitutional." (DE-26 at 6). This is not entirely correct. Many of the cases cited by Defendant in opposing the preliminary injunction motion involve statutes that affect political speech, and were found to be constitutional after *Alvarez*. *Linert v. MacDonald*, 901 N.W.2d 664, 667-70 (Minn. App. 2017) (applying strict scrutiny standard and rejecting facial First Amendment challenge to statute prohibiting person or candidate from knowingly making a false statement that the candidate has the support of a major political party); *see also Myers v. Thompson*, 192 F.Supp.3d 1129, 1138-42 (D. Mt. 2016) (applying strict scrutiny standard and rejecting facial challenge to state bar

3

rule prohibiting false statements relating to judges and judicial elections); *Make Liberty Win v. Cegavske*, 570 F.Supp.3d 936, 941-42 (D. Nev. 2021) (rejecting a facial First Amendment challenge to a statute regulating political speech on the grounds that *Alvarez* made clear that false speech is not protected by the First Amendment when made "for the purpose of material gain" or "material advantage," or the speech inflicts a "legally cognizable harm"). Likewise, the criminal defamation statute at issue in *Frese v. MacDonald*, 512 F.Supp.3d 273, 275 (D.N.H. 2021), specifically involved a challenge by the plaintiff that the New Hampshire statute specifically on the ground that the law "criminaliz[ed] false speech criticizing public officials." 512 F.Supp.3d at 285. The district court in *Frese*, citing *Garrison*, flatly rejected the First Amendment challenge.

Plaintiffs' blanket assertion that this case somehow stands alone on an island is incorrect. Plaintiffs have shown nothing new to establish a "strong showing that [they are] likely to succeed on the merits." *Nken*, 556 U.S. at 434. Plaintiffs' motion should be denied on this ground.[1]

---

[1] Plaintiffs cherry-pick several cases wherein a stay pending appeal has been granted and cite them to the Court in support of their position. (DE-26 at 5-6). Of course, Defendant could likewise fill a page with citations to cases wherein a stay pending appeal has been denied, for various different reasons. The Supreme Court has made clear that the issue is one of discretion, "dependent upon the circumstances of the particular case." *Nken*, 556 U.S. at 433.
  Plaintiffs cite to no case where, as discussed *infra*, the grant of an injunction pending appeal would effectively give the party a win on the merits, due to the expiration of a criminal statute of limitations. Under the circumstances of this case, relief is not warranted.

4

## II. Irreparable Injury to Plaintiffs

The second of the two "most critical" factors to be considered is whether "the applicant will be irreparably injured absent a stay." *Nken*, 556 U.S. at 434. Plaintiffs again recycle their previous arguments, claiming that "denial of a constitutional right, even for a short period of time, constitutes irreparable harm." (DE-26 at 7). But, as Defendant has previously argued, there is no ongoing deprivation of constitutional right here -- the Stein Political Ad last ran on air almost two years ago. The speech at issue in this case -- the Stein Political Ad -- is not ongoing, and therefore there is no present deprivation of constitutional right. *See* (DE-18 at 19-20). Plaintiffs allege no ongoing violation of constitutional rights in their Complaint. They seek only to enjoin enforcement of the Statute as to past conduct -- the Stein Political Ad. Plaintiffs' argument is no basis for a finding of irreparable harm.

Nor does the prospect that persons associated with the Stein Political Ad could face criminal prosecution as a result of their conduct create irreparable harm. Both the Supreme Court and the Fourth Circuit have made clear that facing a criminal charge is not "irreparable harm" as that term is used in equity. The "cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term." *Younger v. Harris*, 401 U.S. 37, 46 (1971). Rather, the harm "must be one that cannot be eliminated by his defense against a single criminal prosecution." *Id.; see also Beal v. Missouri Pacific R.R. Corp.*, 312 U.S. 45, (1941);

5

Case 1:22-cv-00568-CCE-JLW   Document 29   Filed 08/12/22   Page 5 of 8

*Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996) ("[O]rdinarily irreparable harm cannot be shown simply because a defendant will be subject to a single criminal prosecution in which he must raise any constitutional claims he wishes as a defense to his conviction"). Thus, the prospect of facing criminal indictment is not irreparable harm.

Moreover, any person associated with the Stein Political Ad subject to prosecution would have available to him the defense of litigating the constitutionality of the Statute in that criminal case. *See, e.g. State v. Petersilie*, 432 S.E.2d 832, 837-38 (N.C. 1993). Plaintiffs have failed to establish irreparable harm, and the motion should be denied on that basis.

### III. Injury to Defendant From an Injunction Pending Appeal.

As the Court is aware from prior filings, the two-year statute of limitations for enforcement of the Statute as to the Stein Political Ad will expire in early October 2022. Should an injunction pending appeal be granted, then Defendant will be effectively barred from enforcing the statute as to the Stein Political Ad -- in effect, a stay grants the Plaintiffs <u>a win on the merits</u>. This cannot be the law -- especially where the Court has already ruled <u>against</u> the Plaintiffs on the merits.[2]

---

[2] Plaintiffs tacitly acknowledge the unfairness of this result, when noting in their motion that "Plaintiffs and their affiliates would be willing to enter into a time-limited tolling agreement in order to allow the Fourth Circuit to rule in this matter." (DE-25 at 2 n.1). It is unclear what "affiliates" would include (and the authority of Plaintiffs to engage and bind same), and similarly unclear what a "time-limited tolling agreement" means. To even be considered as a potential cure to this issue, any tolling agreement would have to include all subjects of the investigation, and run through a period of at least 30 days after the expiration of <u>all</u>

6

It should also be considered that, if an injunction is denied, Plaintiffs lose nothing. Plaintiffs or their "affiliates" can still raise their objections regarding the constitutionality of the statute as a defense in any state court prosecution, should one occur. *See, e.g. Petersilie*, 432 S.E.2d at 837-38 (N.C. 1993). The analysis of the relative harms imposed by granting or denying an injunction pending appeal weigh in favor of Defendant, and the denial of an injunction.

## IV.     The Public Interest

In denying Plaintiffs' motion for preliminary injunction, this Court noted the Supreme Court's recognition of a State's "historical interest in protecting citizens from defamation … [that] does not disappear because the citizen is a candidate for public office," and the State's "compelling interest in preventing fraud and libel in elections." (DE-23 at 10) (citations omitted). Denial of the requested injunction pending appeal serves these important and compelling public interests.

## CONCLUSION

Plaintiffs have not established any of the criteria necessary for the extraordinary relief of an injunction pending appeal. Moreover, the grant of such an injunction would result in a win on the merits for Plaintiffs through expiration of the criminal statute of limitations -- which is particularly inappropriate given that

---

appeals in this matter. As the Court is aware, the subjects of the investigation are not parties to this lawsuit. Plaintiffs have previously rejected such a tolling agreement, and informed the Court of such. (DE-20 at 15-16; DE-22, Ex. 2). Accordingly, a tolling agreement is not a solution to this issue.

the Court has ruled against the Plaintiffs on the merits. Plaintiffs' emergency motion for injunction pending appeal should be denied.

This the 12th day of August, 2022.

**GAMMON, HOWARD & ZESZOTARSKI, PLLC**

/s/ Joseph E. Zeszotarski, Jr.
Joseph E. Zeszotarski, Jr.
State Bar No. 21310
P.O. Box 1127
Raleigh, NC 27602
(919) 521-5878
jzeszotarski@ghz-law.com

Counsel for Defendant N. Lorrin Freeman, in her official capacity as District Attorney of the 10th Prosecutorial District