IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:22-CV-568

| | |
|---|---|
| JULIETTE GRIMMETT, RALSTON LAPP GUINN MEDIA GROUP, and the JOSH STEIN FOR ATTORNEY GENERAL CAMPAIGN, <br><br> Plaintiffs, <br><br> v. <br><br> DAMON CIRCOSTA, in his official capacity as Chair of the North Carolina State Board of Elections, STELLA ANDERSON, in her official capacity as Secretary of the North Carolina State Board of Elections, JEFF CARMON III, in his official capacity as Member of the North Carolina State Board of Elections STACY EGGERS IV, in his official capacity as Member of the North Carolina State Board of Elections, TOMMY TUCKER, in his official capacity as Member of the North Carolina State Board of Elections, and N. LORRIN FREEMAN in her official capacity as District Attorney for the 10th Prosecutorial District of the State of North Carolina, <br><br> Defendants. | **REPLY MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL** |

In the factual recitation of its Memorandum Opinion and Order (Doc. 23), this Court stated that "[b]y July 2021, the Board [of Elections] completed its investigation and presented its findings and recommendation to the Wake County District Attorney's Office." (*Id*. at 3.) Implicit in that account is that the Board's recommendation was to move forward.

We now know, based on a media report from last night,[1] that, in fact, the Board's recommendation was that "the NCSBE recommends that this investigation be *closed*." (Second Notice of Filing, Aug. 12, 2022, Ex. 1, at 7, emphasis added.) That recommendation, moreover, was based on conclusions that the allegedly false political speech at issue reflected "ambiguity" and therefore was "inconclusive to determine a clear violation of N.C.G.S. Sec. 163-274(a)(9) occurred." (*Id*.) In addition, the recommendation stated that "the NCSBE is concerned that if a violation is found, this might be an unconstitutional application of the statute." (*Id*.)

This new information, deliberately withheld by Defendant and the NCSBE in the face of Plaintiffs' subpoena in this case (*see* Doc. 22-3), counsels further in favor of an injunction pending appeal. To whatever degree North Carolina law can be said to have provided "institutional protections" from "prosecutorial abuses" (Dox. 23, at 16), those institutions failed here. That the State entities with overlapping responsibility for investigations and prosecutions under the Statute (*see* N.C. Gen. Stat. § 163-278) – the NCSBE and the Wake County District Attorney – themselves disagree concerning the constitutionality of the statute weighs in favor of continuing the injunction in order to allow an orderly determination to be made by the court of appeals.

For these additional reasons as well as those stated in Plaintiffs' opening Memorandum, Plaintiffs are of the view that the Court should issue an injunction pending appeal to preserve the Fourth Circuit's ability to review the substantial constitutional issues

---

[1] https://www.wbtv.com/2022/08/11/prosecution-nc-attorney-general-proceeded-despite-recommendation-investigators/.

2

Case 1:22-cv-00568-CCE-JLW   Document 30   Filed 08/12/22   Page 2 of 3

in dispute in this case. That injunction, pursuant to the terms of Rule 62(d), Fed. R. Civ. P.,[2] can appropriately be conditioned on a tolling agreement.

In the event the Court determines to deny Plaintiffs' Motion for an Injunction Pending Appeal, Plaintiffs respectfully request that the Court enjoin enforcement of the Statute in order to allow Plaintiffs to file with the Court of Appeals a Motion for Injunction Pending Appeal pursuant to Rule 8(a)(1)(C) of the Federal Rules of Appellate Procedure. Plaintiffs will file such motion no later than two business days after any denial by this Court of their Motion for an Injunction Pending Appeal.

This the 12th day of August, 2022.

By: /s/ Pressly M. Millen
Pressly M. Millen
State Bar No. 16178
Raymond M. Bennett
State Bar No. 36341

OF COUNSEL:

WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
(919) 755-2100

Attorneys for Plaintiffs
Juliette Grimmett, Ralston Lapp Guinn Media Group,
and the Josh Stein for Attorney General Campaign

---

[2] The "court may…grant an injunction on terms for bond or *other terms that secure the opposing party's rights*" (emphasis added).