UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

No. 1:22-CV-568

| | |
|---|---|
| JULIETTE GRIMMETT, RALSTON LAPP GUINN MEDIA GROUP, and the JOSH STEIN FOR ATTORNEY GENERAL CAMPAIGN,<br><br>Plaintiff,<br><br>v.<br><br>N. LORRIN FREEMAN, in her official capacity as District Attorney for the 10th Prosecutorial District of the State of North Carolina,<br><br>Defendant. | **SURREPLY IN OPPOSITION TO EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL** |

NOW COMES Defendant N. LORRIN FREEMAN, in her official capacity as District Attorney for the 10th Prosecutorial District, and respectfully submits this surreply to Plaintiff's Motion for Injunction Pending Appeal.

This morning, Plaintiffs filed a copy of a confidential NC Board of Elections report that has apparently been leaked by someone to the press, which Plaintiffs mischaracterize as showing that the NCSBE and Defendant "themselves disagree concerning the constitutionality of the statute." (DE-30 at 2). This is patently incorrect. A cursory review of the NCSBE memo shows that the Board has concluded that the statute at issue is "likely constitutional on its face." (DE-31-1 at 2). The issue before the Court involves facial constitutionality. The NCSBE report in no way

supports the statements made by Plaintiffs in their reply, and does not support their motion for injunction pending appeal.

Moreover, the conclusion reached by the NCSBE in the report regarding potential application of the statute at issue is based upon incomplete information. The SBI conducted a second investigation, given the brevity of the NCSBE investigation,[1] wherein additional witnesses were interviewed and additional information was gathered, which had not been examined by the NCSBE. Accordingly, Plaintiffs' broad conclusions based on the NCSBE report ignore the entirety of the evidence gathered in the SBI investigation and outlined in Agent Marsh's declaration previously filed in this matter. Much of the evidence, and several of the witnesses, outlined in Agent Marsh's declaration were not interviewed or gathered by the NCSBE in issuing its report. In short, the NCSBE report does not exonerate those associated with the Stein Political Ad as claimed by Plaintiffs -- the report is based on incomplete evidence and information. Plaintiffs ignore this entirely in making the broad claims in their Reply.

The matter before the Court presently involves a facial challenge to the constitutionality of the statute at issue. Nothing in the NCSBE report supports a facial challenge to the statute -- to the contrary, the NCSBE report concludes that the statute is "likely constitutional on its face." (DE-31-1 at 7).

---

[1] It is the obligation and responsibility of Defendant to conduct a thorough investigation of the facts and law, and ultimately present the matter to the grand jury so that the citizens may make a decision.

2

This new issue raised by Plaintiffs does not support its motion, and the motion for injunction pending appeal should be denied.[2]

This the 12th day of August, 2022.

**GAMMON, HOWARD & ZESZOTARSKI, PLLC**

/s/ Joseph E. Zeszotarski, Jr.
Joseph E. Zeszotarski, Jr.
State Bar No. 21310
P.O. Box 1127
Raleigh, NC 27602
(919) 521-5878
jzeszotarski@ghz-law.com

Counsel for Defendant N. Lorrin Freeman, in her official capacity as District Attorney of the 10th Prosecutorial District

---

[2] Plaintiffs' claim that Defendant somehow "deliberately withheld" the NCBOE report is similarly baseless. The subpoena issued by Plaintiffs was to the Board, and the Board properly objected as required by North Carolina law.

3