IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JULIETTE GRIMMETT, et al., | ) |
| Plaintiffs, | ) |
| v. | ) 1:22-CV-568 |
| DAMON CIRCOSTA, in his official capacity as Chair of the North Carolina State Board of Elections, et al., | ) |
| Defendants. | ) |

## ORDER

The plaintiffs seek an injunction under Federal Rule of Procedure 62(d) that prohibits defendant N. Lorrin Freeman, Wake County District Attorney, from enforcing N.C. Gen. Stat. § 163-274(a)(9) pending resolution of their appeal. Because equitable factors do not support an injunction pending appeal, the plaintiffs' motion will be denied.

On August 9, 2022, the Court denied the plaintiffs' motion for preliminary injunction that sought to bar enforcement of § 163-274(a)(9) on the grounds that the plaintiffs were not likely to succeed on the merits of their claim that the statute violated the First Amendment on its face. Doc. 23. A day later, the plaintiffs filed a notice of appeal to the Fourth Circuit, Doc. 24, and filed the pending motion. Doc. 25.

Pursuant to Federal Rule of Civil Procedure 62(d), district courts are authorized to "grant an injunction on . . . terms that secure the opposing party's rights" while "an appeal is pending from an interlocutory order . . . that . . . refuses . . . an injunction." Rule 62(d) "codifies the inherent power of courts to make whatever order is deemed

necessary to preserve the status quo and to ensure the effectiveness of the eventual judgment." 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2904 (3d ed. 2022).

A stay through an injunction pending appeal is considered "extraordinary relief," and the movant "bears a heavy burden." *Covington v. North Carolina*, No. 15-CV-399, 2018 WL 604732, at *3 (M.D.N.C. Jan. 26, 2018) (cleaned up); *accord Ohio Valley Env't Coal., Inc. v. Pruitt*, No. 15-CV-0271, 2017 WL 1712527, at *2 (S.D. W. Va. May 2, 2017). In deciding whether to grant an injunction pending appeal, courts consider four factors: (1) whether the movants have made a strong showing that they are likely to succeed on the merits; (2) whether the movants will be irreparably injured absent an injunction; (3) whether issuance of the injunction will substantially injure the other party; and (4) the public interest. *See Nken v. Holder,* 556 U.S. 418, 434 (2009); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Par Pharms., Inc. v. TWI Pharms, Inc.*, No. 11-CV-2466, 2014 WL 3956024, at *1 (D. Md. Aug. 12, 2014).[1]

The four factors "cannot be reduced to a set of rigid rules" and they "contemplate individualized judgments in each case." *Hilton*, 481 U.S. at 777; *accord Nken*, 556 U.S. at 433. The first two factors "are the most critical," *Nken*, 556 U.S. at 434, and "[m]any courts view [them] as a sliding scale, with the greater the harm to the movant requiring a lesser showing of likelihood of success on appeal." *MicroStrategy, Inc. v. Bus. Objects,*

---

[1] Courts apply these standards equally in cases of stays pending appeal and injunctions pending appeal. *See, e.g.*, *Nken*, 556 U.S. at 428–29 (discussing "functional overlap" between a stay pending appeal and an injunction); *Par Pharms., Inc.*, 2014 WL 3956024, at *1 (applying *Hilton* factors when deciding whether to grant an injunction pending appeal).

2

*S.A.*, 661 F. Supp. 2d 548, 558 (E.D. Va. 2009) (collecting cases); *accord Par Pharms., Inc.*, 2014 WL 3956024, at *1; *Goldstein v. Miller*, 488 F. Supp. 156, 172 (D. Md. 1980). Even if a court found a movant was unlikely to succeed on the merits, it may decide that an injunction pending appeal is sensible, depending on the closeness or complexity of the legal questions and the strength of the other Rule 62(d) factors. *See Goldstein*, 488 F. Supp. at 172–73; *SEC v. Rex Venture Grp., LLC*, No. 12-CV-519, 2017 WL 2979686, at *1–2 (W.D.N.C. July 12, 2017).

There is case law tending to support the plaintiffs' arguments that § 163-274(a)(9) on its face violates the First Amendment. Two circuit courts and one state Supreme Court have held similar statutes violate the First Amendment. *See* Doc. 23 at 14. Upon initial review in an emergency context, the Court held that the plaintiffs made a sufficient showing for a temporary restraining order. *See* Doc. 16. But after more thorough briefing, additional research, and further consideration, the Court concluded otherwise, in light of differences in the statutes and controlling Supreme Court authority.

The plaintiffs have a good argument, but it is difficult to say the plaintiffs have made a strong showing of facial invalidity. In any event, other factors weigh against an injunction.

The potential for state prosecution is not likely to result in irreparable harm. It is not certain that a grand jury will find probable cause for charging any of these plaintiffs with a crime. If and when it does, the charged person can raise these constitutional defenses in state court. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for

3

vindication of federal constitutional rights."); *Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996). There is no evidence that any plaintiff contemplates repeating the speech at issue in the "Survivor" ad or any other particular speech likely to fall within the statute's parameters.

The plaintiffs cite *Dombrowski v. Pfister*, 380 U.S. 479, 486 (1965) and say that a criminal prosecution under a facially overbroad statute impairs freedom of expression and leads to irreparable harm. But *Dombrowski* involved egregious facts not present here,[2] and the Supreme Court later expressly held that *Dombrowski* did not do away with traditional federalism considerations when evaluating whether injunctive relief is appropriate against state criminal statutes. *See Younger v. Harris*, 401 U.S. 37, 50–53 (1971). More than the mere threat of criminal action is required. *See generally Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992) (finding injunctive relief appropriate when state enforcement is imminent and "the moving party lacks the realistic option of violating the law once and raising its federal defenses").[3] There is nothing to indicate that here, for example, the defendant is not acting in good faith.

---

[2] In *Dombrowski*, the plaintiffs offered evidence that the "threats to enforce the statutes against [them were] not made with any expectation of securing valid convictions, but rather [were] part of a plan to employ arrests, seizures, and threats of prosecution under color of the statutes to harass appellants and discourage them and their supporters from asserting and attempting to vindicate the constitutional rights of Negro citizens of Louisiana." 380 U.S. at 482.

[3] No party has raised Article III standing but it unquestionably exists; the allegations and evidence show a threat of imminent prosecution sufficient to potentially chill First Amendment rights and to establish injury-in-fact. *See generally Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158–59 (2014) (discussing the circumstances in which the imminent threatened enforcement of a law is a basis to create Article III injury).

4

Also, there is a looming statute of limitations and the plaintiffs' proposed injunction prohibiting enforcement while an appeal is pending threatens District Attorney Freeman's ability to ever bring charges stemming from the "Survivor" ad if and when the constitutionality of the statute is upheld. The parties appear to agree that the two-year statute of limitations expires in late October 2022, and there is no guarantee the plaintiffs' interlocutory appeal will be resolved by then.

The plaintiffs say that they "and their affiliates" would enter into a time-limited tolling agreement during the appeal's pendency. Doc. 25 at 2 n.1. But they cite no authority for forcing the elected District Attorney to sign a tolling agreement on their terms. Nor is it clear that the proposed agreement would cover every potential defendant subject to charges.

The plaintiffs have filed new information that the North Carolina State Board of Elections recommended that the Wake County District Attorney close the investigation into the "Survivor" ad because the Board was concerned any prosecution would be an unconstitutional application of § 163-274(a)(9). *See* Doc. 31-1. They contend this is another factor that justifies their proposed injunctive relief. Doc. 30 at 1–2. But whether § 163-274(a)(9) is unconstitutional as applied was not briefed by the parties or addressed by the Court. This new information does not affect the Court's analysis of the Rule 62(d) factors and is not a basis for the proposed injunction pending appeal. It also is something that can be addressed in state court, if and when any defendant is charged with violating this statute.

5

The Rule 62(d) factors do not support an injunction pending appeal, and the plaintiffs have not met their "heavy burden" to establish the need for this "extraordinary relief." *Covington*, 2018 WL 604732, at *3. The plaintiffs' motion will be denied.

The plaintiffs ask, in the alternative and if the Court denied the plaintiffs' pending motion, for a temporary injunction prohibiting enforcement of § 163-274(a)(9) so they have time to file a motion for injunction pending appeal with the Fourth Circuit pursuant to Federal Rule of Appellate Procedure 8(a)(1)(c). Doc. 30 at 3. Such an order is unnecessary, as the Court's order denying preliminary relief was entered almost a week ago, and the plaintiffs have now had several days to prepare an emergency motion to file with the Fourth Circuit.

It is **ORDERED** that the plaintiffs' motion for an injunction pending appeal, Doc. 25, is **DENIED**.

This the 15th day of August, 2022.

_____
UNITED STATES DISTRICT JUDGE