UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

JULIETTE GRIMMETT,
RALSTON LAPP GUINN
MEDIA GROUP, JOSH STEIN
FOR ATTORNEY GENERAL
CAMPAIGN, JOSH STEIN,
SETH DEARMIN, and ERIC
STERN,

          Plaintiff,

    v.

N. LORRIN FREEMAN, in her
official capacity as District
Attorney for the 10th
Prosecutorial District of the State
of North Carolina,

          Defendant.

No. 1:22CV568

## ANSWER

NOW COMES DEFENDANT N. Lorrin Freeman, in her official capacity as

District Attorney for the 10th Prosecutorial District of the State of North Carolina

("Defendant"), through undersigned counsel, and answers the Amended Complaint

for Declaratory Relief and Injunctive Relief in this matter as follows:

## FIRST DEFENSE

Answering the numbered paragraphs of the Amended Complaint as follows:

1.     It is admitted that Stein and O'Neill were candidates for the office of

Attorney General in 2020, and ran ads against each other, about which each made

numerous claims. To the extent that this Paragraph alleges facts relevant to the

issue of the constitutionality of the statute at issue in this lawsuit, those allegations are denied.

2. It is admitted that Stein and O'Neill were candidates for the office of Attorney General in 2020, and ran ads against each other, about which each made numerous claims. To the extent that this Paragraph alleges facts relevant to the issue of the constitutionality of the statute at issue in this lawsuit, those allegations are denied.

3. This paragraph makes a legal statement to which no response is required. It is specifically denied that Plaintiffs are entitled to any relief in this action.

4. Denied.

5. Denied.

6. Admitted.

7. Admitted.

8. It is admitted that Ms. Grimmett appears in the political advertisement for the Stein Campaign (hereinafter "the Stein Political Ad') referenced in the Amended Complaint. As to the remaining allegations of this paragraph, Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph, and the allegations are therefore denied.

9. Admitted upon information and belief.

10. Admitted upon information and belief.

11. Admitted.

2

12.     Admitted.

13.     Admitted.

14.     Admitted.

15.     This paragraph makes a legal statement to which no response is required.

16.     Denied.

17.     It is admitted that the "Survivor Act" was passed by the North Carolina Legislature and signed into law in September 2019, and that the legislation imposed certain requirements on Stein and others regarding the handling of "untested rape kits" in North Carolina.  Except as herein admitted, the allegations of this paragraph are denied.

18.     It is admitted that District Attorney O'Neill made certain statements about Stein's handling of untested rape kits as part of the campaign.  Except as herein admitted, the allegations of this paragraph are denied.

19.     Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph, and the allegations are therefore denied.

20.     Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph, and the allegations are therefore denied.

21.     It is admitted that Ms. Grimmett made statements as part of the Stein Political Ad.  Except as admitted herein, the allegations of this paragraph are denied.

22.     Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph, and the allegations are therefore denied.

23.     To the extent that this paragraph alleges facts relevant to the issues in this lawsuit, the allegations are denied.

24.     It is admitted that the Stein Political Ad ran on television stations throughout North Carolina, and that the Stein Political Ad contained a statement that it was approved by Stein.  Defendant is without sufficient knowledge to admit or deny the remaining allegations of this paragraph, and the allegations are therefore denied.

25.     It is admitted that a complaint was filed with the NCSBE about the propriety of the Stein Political Ad.  Defendant is without sufficient knowledge to admit or deny the remaining allegations of this paragraph, and the allegations are therefore denied.

26.     Admitted upon information and belief.

27.     Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph, and the allegations are therefore denied.

28.     Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph, and the allegations are therefore denied.

29.     To the extent that this paragraph alleges facts relevant to the issues in this lawsuit, the allegations are denied.

30.     Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph, and the allegations are therefore denied.

31.     Admitted upon information and belief.

32.     Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph, and the allegations are therefore denied.

33.     Admitted.

34.     Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph, and the allegations are therefore denied. To the extent that this paragraph characterizes statements in the NCBOE report, the report itself is the best evidence of its contents.

35.     It is admitted that the State Bureau of Investigation investigated some of the matters at issue in the Amended Complaint, at the request of the Wake County District Attorney's Office. Except as herein admitted, the allegations of this paragraph are denied.

36.     It is admitted that the State Bureau of Investigation investigated the matters at issue in the Amended Complaint, at the request of the Wake County District Attorney's Office. Except as herein admitted, the allegations of this paragraph are denied.

37.     It is admitted that Ms. Grimmett was interviewed by the State Bureau of Investigation. Except as herein admitted, the allegations of this paragraph are denied.

38.     It is admitted that Ms. Grimmett was interviewed by the State Bureau of Investigation. Except as herein admitted, the allegations of this paragraph are denied.

5

39.     It is admitted that the State Bureau of Investigation conducted additional interviews during its investigation, including interviews of Stein, Dearmin, and Stern.  Except as herein admitted, the allegations of this paragraph are denied.

40.     Admitted.

41.     It is admitted that this matter was presented to a grand jury in Wake County on 22 August 2022, and the grand jury returned a presentment requesting that the District Attorney's Office present indictments of Stein, Dearmin, and Stern to the grand jury for its consideration.  Except as herein admitted, the allegations of this paragraph are denied.

42.     Denied.

43.     This paragraph states a legal opinion to which a response is not required.

44.     This paragraph states a legal opinion to which a response is not required.

45.     This paragraph states a legal opinion to which a response is not required.

46.     This paragraph states a legal opinion to which a response is not required.

47.     This paragraph states a legal opinion to which a response is not required.

48. This paragraph states a legal opinion to which a response is not required.

49. This paragraph states a legal opinion to which a response is not required.

50. Admitted.

51. It is admitted that at the hearing on 25 July 2022 in the United States District Court for the Middle District of North Carolina, counsel for Defendant informed the court that Defendant intended to present the Stein Political Ad matter to the grand jury that afternoon for consideration of a presentment. Except as herein admitted, the allegations of this paragraph are denied.

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted.

56. Admitted.

57. Admitted.

58. Admitted.

59. It is admitted that this matter was presented to a grand jury in Wake County on 22 August 2022, and the grand jury returned a presentment requesting that the District Attorney's Office present indictments of Stein, Dearmin, and Stern to the grand jury for consideration. Except as herein admitted, the allegations of this paragraph are denied.

60.    It is admitted that the day after the grand jury returned the presentment, the Fourth Circuit Court of Appeals granted Plaintiffs' motion for injunction pending appeal.

61.    Defendant's responses to paragraphs 1 through 60 are incorporated herein.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Defendant's responses to paragraphs 1 through 68 are incorporated herein.

70.    Denied.

## SECOND DEFENSE

Plaintiffs' claims are barred by the doctrine of latches.


WHEREFORE, Defendant prays of the Court that Plaintiffs have nothing by their Complaint, and for such other and further relief as the Court may deem just and proper.

8

This the 15th day of September, 2022.

                                        **GAMMON, HOWARD &**
                                        **ZESZOTARSKI, PLLC**

                                        /s/    Joseph E. Zeszotarski, Jr.
                                        Joseph E. Zeszotarski, Jr.
                                        N.C. State Bar No. 21310
                                        jzeszotarski@ghz-law.com
                                        P.O. Box 1127
                                        Raleigh, NC  27602
                                        (919) 521-5878

                                        COUNSEL FOR DEFENDANT
                                        N. LORRIN FREEMAN